# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNIFI EXPORT SALES, LLC, and<br>UNIFI, INC., | ) | |
| | ) | |
|     Plaintiffs/Counterclaim-Defendants, | ) | |
| | ) | |
|            v. | ) | 1:03CV01149 |
| | ) | |
| MEKFIR INTERNATIONAL<br>CORPORATION, and<br>MENASHE EXELBIRT, | ) | |
| | ) | |
|     Defendants/Counterclaim-Plaintiffs. | ) | |

## <u>RECOMMENDATION OF MAGISTRATE JUDGE ELIASON</u>

This matter comes before the Court on plaintiffs' motion to strike defendants' answer to the extent that it denies liability or damages as alleged, and to strike the defendants/counterclaim-plaintiffs' counterclaims and to dismiss the counterclaims with prejudice (docket no. 31). Plaintiffs have also moved to enter a default judgment for these same violations (docket no. 33).

Plaintiffs filed this action against defendants seeking $699,320.85 based on defendants' alleged failure to pay for yarn shipments. Defendant Menashe Exelbirt is the alleged sole shareholder, President, and alter ego of the corporation, Mekfir International Corporation. The defendants filed an answer and a counterclaim admitting the failure to pay the amount of money owed, but alleging setoffs premised on defenses and counterclaims.

The Rule 26(f) Scheduling Order was entered in August 2004. Plaintiffs allege that they complied by serving the Rule 26 initial disclosures, but defendants did not. In fact, defendants' disclosure had not been filed as of December 2004, even though they

were due on or before September 30, 2004 pursuant to the scheduling order. At that time, only a small fraction of the information was disclosed. Because defendants had not provided discovery material, the parties in January 2005 sought an extension of discovery from the end of April until the end of June 2005. The Court, however, only allowed an extension of discovery through June 20, 2005. Defense counsel represented in the motion for extension of time that full compliance would be forthcoming by February 15, 2005. This was not to be. Some, but not all, initial disclosures were served in April 2005. In fact, even at the end of discovery on July 14, 2005, defendants' attorney could not give a timetable for the production of documents.

Plaintiffs further show that defendants violated the discovery scheduling order by failing to attend the Rule 30(b)(6) discovery depositions set for May 19, 2005. Defendant Exelbirt's son and the corporation's Vice President failed to appear for his deposition set for May 30, 2005.

In addition, defendants failed to attend the court ordered mediation settlement conference on May 20, 2005 in violation of Local Rule 83.10e(d)(1). Neither the individual defendant nor a representative of the corporate defendant appeared and the report of the mediator shows such.

In the instant case, there has been a complete failure of the defendants to participate in this action. It should be noted that they have not denied the amount owing to plaintiffs for the yarn, but rather have attempted to interpose defenses. However, they

-2-

have not provided plaintiffs any information concerning those defenses. In addition, defendants do not oppose these two motions.

When a party fails to comply with a discovery order, the Court first should look to Fed. R. Civ. P. 16(f) to determine appropriate sanctions. <u>Akeva LLC v. Mizuno Corp.</u>, 212 F.R.D. 306 (M.D.N.C. 2002). Those sanctions refer the Court to Fed. R. Civ. P. 37(b)(2)(B)(D). The sanctions in Rule 37 permit a court to refuse to allow the disobedient party to support or oppose claims, it allows the striking of pleadings or parts of them, dismissing claims, rendering a judgment by default, and finally, if a court order were disobeyed, a party could be held in contempt.

Plaintiffs also argue that sanctions should be imposed pursuant to Rule 37(d) because of defendants failure to attend their depositions. Rule 37(d) provides that a court may make such orders as are just, including imposing sanctions under Rule 37(b)(2)(A)-(C). Again, these sanctions also permit the striking of pleadings, dismissal of claims, and the granting of a default judgment. Rule 37 does not require there to be a violation of a court order in order for the sanctions to be imposed. Nevertheless, in imposing sanctions, the Court would do well to recognize the four-part test set out in <u>Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc.</u> 872 F.2d 88, 92 (4th Cir. 1989). That test looks at such factors as whether the non-complying party acted in bad faith, the amount of prejudice, the need for deterrence, and the effectiveness of less drastic sanctions.

-3-

In the instant case, there has not been a repeated violation of the Court's discovery orders, but this is offset by defendants' complete failure to participate in the discovery in this case. It appears that defendants simply have abandoned the case, including their counterclaims. By not appearing at discovery depositions, by not turning over discovery material, and by not attending the mediation conference, the defendants have signified their abandonment of the lawsuit. Naturally, the plaintiffs have been severely prejudiced because they have no basis to defend against defendants' counterclaims or to counter their defenses. Normally the Court would be reluctant to recommend the drastic sanction of the entry of a default judgment and dismissal of a counterclaim based on one motion without there being a violation of a court order. However, defendants' complete failure to participate in this action makes it the unusual or exceptional case. The upcoming trial is less than two months away and it would be manifestly unfair to require the plaintiffs to go to trial and defend against a counterclaim or to attempt to counter the defendants' defenses, when defendants have failed to provide meaningful discovery. Therefore, the Court finds this to be one of the exceptional cases where the more drastic remedy would be appropriate.

Plaintiffs also request dismissal of defendants' counterclaims based on Rule 41(b)&(c). Dismissal under this rule is predicated on a failure to prosecute. Here, defendants' failure to participate in discovery and mediation, and failure to oppose these motions, amounts to a failure to prosecute.

Plaintiffs also point out that defendants' failure to attend their mediation fell afoul of Local Rule 83.10. Subsection (h) of that rule states that for failure to attend, the Court may impose any lawful sanction, including but not limited to the imposing of costs and expenses. It is not clear that this rule also authorizes dismissal. However, the Court finds that defendants' failure to attend mediation greatly strengthens plaintiffs' request for sanctions under the other rules, and in particular, Rule 41.

For the above reasons, it will be recommended that sanctions be imposed on defendants/counterclaim-plaintiffs Mekfir International Corporation and Menashe Exelbirt pursuant to Rules 16(f), 37(d), and 41(b)&(c). The sanctions should be the striking of defenses defendants would have with respect to plaintiffs' complaint and entering a default judgment in the amount of $699,320.85 and further, striking the counterclaims and dismissing the same with prejudice.

**IT IS THEREFORE RECOMMENDED** that plaintiffs' motion to strike and dismiss (docket no. 31) and plaintiffs' motion for the entry of a default judgment (docket no. 33) be granted as a result of defendants' violation of both the discovery and this Court's rules, and for their failure to prosecute this action, and that defendants' defenses to the complaint be stricken, that defendants/counterclaim-plaintiffs' counterclaims be stricken and dismissed, and further that a default judgment be granted against defendants Mekfir International Corporation and Menashe Exelbirt, jointly and severely, in the amount of $699,320.85, plus costs and

-5-

post-judgment interest at the legal rate in effect to accrue thereon from the date of Judgment forward until paid.


_____
**United States Magistrate Judge**

November 22, 2005